Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| LOUIS ANTHONY PIÑA LÓPEZ<br><br>Apelante<br><br>v.<br><br>BAHIA BEACH RESORT h/n/c REGIS BAHIA BEACH RESORT; JOHN DOE y MENGANO DE TAL, COMPAÑÍAS ASEGURADORAS A, B, y C<br><br>Apelados | TA2026AP00303 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2025CV01322 (302)<br><br>Sobre: Despido Injustificado (Ley 80-1976); Const. ELA Art. II Secc. 1 (Violación al derecho a la dignidad); Ley Núm. 2 de 17 de octubre de 1962 (Procedimiento Sumario) |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de mayo de 2026.

Comparece ante nos, el señor Louis Anthony Piña López ("señor Piña López" o "Apelante"), mediante *Apelación* presentada el 24 de marzo de 2026, a los fines de solicitar la revocación de la *Sentencia* emitida el 17 de febrero de 2026 y notificada el 23 de febrero del mismo año por el Tribunal de Primera Instancia, Sala Superior de Fajardo ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario declaró *Ha Lugar* la *Moción de Desestimación por Prescripción* presentada por Sheraton Puerto Rico Management LLC ("Sheraton"), los administradores del St. Regis Bahía Beach Resort ("Bahía Beach") y, en consecuencia, desestimó con perjuicio la reclamación instada por la parte Apelante.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

**I.**

El 24 de diciembre de 2025, los Apelantes instaron *Querella* sobre despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como *Ley Sobre Despidos Injustificados*, 29 LPRA sec. 185ª *et seq.*, en el caso FA2025CV01322.[1] Asimismo, la aludida *Querella* se acogió al procedimiento sumario establecido en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961, según enmendada ("Ley Núm. 2"), 32 LPRA sec. 3118 *et seq.* Mediante esta, el Apelante argumentó que fue empleado de Sheraton durante un año y un mes, y fue suspendido indefinidamente a partir del 7 de abril de 2024. Posteriormente, el 9 de abril de 2024, renunció a su cargo. Por estos hechos, el señor Piña López solicitó una indemnización de ocho mil doscientos noventa y un dólares ($8,291.50), en adición al veinticinco por ciento (25%) en concepto de honorarios de abogado.

Por su parte, el 27 de enero de 2026, Sheraton presentó alegación responsiva intitulada *Contestación a la Querella*. En adición, presentó *Moción de Desestimación por Prescripción* donde expuso que el Apelante laboró en St. Regis Bahía Beach Resort hasta el 9 de abril de 2024, e hizo una reclamación extrajudicial el 23 de diciembre del mismo año. Dados estos hechos, argumentaron que la Querella estaba prescrita y debía ser desestimada. Ese mismo día, Bahía Beach presentó alegación responsiva intitulada *Contestación a Querella* en la cual expuso sus argumentos.

Así las cosas, el Apelante presentó *Moción en oposición de petición de desestimación* el 3 de febrero de 2026, donde mencionó,

---

[1] *Véase* Apéndice SUMAC TA, Entrada Núm. 22.

por primera vez, la existencia de una segunda misiva extrajudicial enviada el 2 de enero de 2025 a la parte querellada. Argumentó que esta segunda carta cumplía con todos los requisitos establecidos por el Tribunal Supremo y, como consecuencia, había interrumpido nuevamente el término prescriptivo. En vista de lo anterior, alegaron que no se debía desestimar la *Querella* por prescripción.

El 4 de febrero de 2026, Sheraton presentó *Moción en torno a "Moción en oposición de petición de desestimación",* mediante la cual disputó las reclamaciones hechas por el Apelante, al expresar que:

> En estas circunstancias, la parte querellante **no ha cumplido con su carga de demostrar**, mediante alegaciones suficientes y debidamente fundamentadas, **que el término prescriptivo fue válidamente interrumpido**. Pretender subsanar dichas deficiencias mediante referencias genéricas a una carta que no forma parte del expediente ni fue alegada en la Querella resulta improcedente y contrario a la normativa aplicable. (Énfasis suplido).[2]

Cónsono con ello, solicitó nuevamente que se desestimara la *Querella* por entenderla prescrita.

Después de evaluar los escritos ante su consideración, el foro primario emitió *Sentencia* el 17 de febrero de 2026, notificada el 23 de febrero del mismo año, y declaró Ha Lugar la *Moción de Desestimación por Prescripción* presentada por Sheraton y, por consiguiente, desestimó con perjuicio las reclamaciones instadas en la *Querella* contra todas las querelladas.[3] Con respecto al argumento de prescripción, enunció que no tomó ante su consideración la segunda carta para efectos de la prescripción porque el Apelante no hizo dicha carta parte de las alegaciones incluidas en la Querella ni la anejó como parte de la *Querella,* por lo que no puso al Tribunal en posición de confirmar si, en efecto, había cumplido con los requisitos de una reclamación extrajudicial que interrumpe el

---

[2] Véase, SUMAC TPI, Entrada Núm. 20, pág. 2.
[3] Véase, SUMAC TPI, Entrada Núm. 22, pág. 3.

término prescriptivo según reconocidos por el Tribunal Supremo de Puerto Rico.[4]

Inconforme con lo dispuesto, el Apelante acude ante este Foro y señala los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA CAUSA DE ACCIÓN DEL APELANTE ESTABA PRESCRITA, A PESAR DE LA EXISTENCIA DE ACTOS INTERRUPTORES VÁLIDOS, INCLUYENDO DOS RECLAMACIONES EXTRAJUDICIALES QUE INTERRUMPIERON Y REINICIARON EL TÉRMINO PRESCRIPTIVO CONFORME A DERECHO.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESCARTAR LA SEGUNDA RECLAMACIÓN EXTRAJUDICIAL DEL 2 DE ENERO DE 2025, IMPONIENDO UN REQUISITO FORMAL INEXISTENTE EN NUESTRO ORDENAMIENTO JURÍDICO, Y AL NO RECONOCER SU EFICACIA COMO ACTO INTERRUPTOR DEL TÉRMINO PRESCRIPTIVO.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER CONTROVERSIAS DE HECHO EN ETAPA PRELIMINAR, AL AMPARO DE LA REGLA 10.2(5) DE PROCEDIMIENTO CIVIL, EN LUGAR DE ACEPTAR COMO CIERTOS LOS HECHOS BIEN ALEGADOS Y PERMITIR EL DESARROLLO PROBATORIO DEL CASO.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA QUERELLA DEL APELANTE, AUN CUANDO LAS ALEGACIONES CONTENIDAS EN LA MISMA CONFIGURAN UNA CAUSA DE ACCIÓN VÁLIDA POR DESPIDO CONSTRUCTIVO BAJO LA LEY NÚM. 80.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA RECLAMACIÓN CONSTITUCIONAL POR VIOLACIÓN AL DERECHO A LA DIGNIDAD HUMANA ERA ACCESORIA Y ESTABA PRESCRITA, SIN PERMITIR EL DESARROLLO PROBATORIO NECESARIO PARA DETERMINAR SU VIABILIDAD COMO CAUSA DE ACCIÓN INDEPENDIENTE.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONTRAVENIR LA POLÍTICA PÚBLICA DE NUESTRO ORDENAMIENTO JURÍDICO, LA CUAL FAVORECE LA RESOLUCIÓN DE LOS CASOS EN SUS MÉRITOS Y NO MEDIANTE TECNICISMOS PROCESALES.[5]

El 25 de marzo de 2026, esta Curia emitió *Resolución* en la que se le concedió a las partes apeladas hasta el 23 de abril de 2026 para presentar su postura. Oportunamente, el 22 de abril de 2026,

---

[4] Véase, SUMAC TPI, Entrada Núm. 22, pág. 5.
[5] Véase, SUMAC TA, Entrada Núm. 1, págs. 13-14.

Sheraton presentó *Alegato en Oposición.*[6] Por otra parte, Bahía Beach presentó *Moción solicitando desestimación del recurso de Apelación por falta de jurisdicción* y *Moción uniéndose al Alegato en Oposición a Apelación presentado por Sheraton Puerto Rico Management LLC* el mismo día.[7] Ambas partes apeladas alegaron que este Foro estaba impedido de dilucidar las controversias señaladas por falta de jurisdicción, ya que el recurso fue presentado luego de los diez (10) días establecidos por la Ley Núm. 2, *supra*, para hacerlo.[8] Examinadas las aludidas mociones, concedimos a la parte Apelante hasta el 28 de abril de 2026, para expresarse en torno a la moción de desestimación presentada por la parte apelada.[9]

El 28 de abril de 2026, el Apelante presentó *Moción en cumplimiento de orden y en oposición a Moción de Desestimación por falta de jurisdicción* donde arguyó que, a diferencia del procedimiento establecido en la Ley Núm. 2, las partes querelladas no se delimitaron a presentar una sola alegación responsiva con todas sus defensas y objeciones, sino que sometieron *Moción de Desestimación* y se apartaron del proceso sumario.[10] Específicamente, alegaron:

> Las querelladas no se delimitaron al proceso dispuesto por la Ley Núm. 2, la cual establece **la presentación de una sola alegación responsiva que incluya todas sus defensas y objeciones**. Por el contrario, además de la contestación o alegación responsiva, las querelladas radicaron una **Moción de Desestimación por Prescripción al amparo de la Regla 10.2(5) de Procedimiento Civil, mecanismo propio de un procedimiento ordinario, ante la cual el Honorable Tribunal ordenó a la parte querellante-apelante expresar su posición**. Dicha actuación resulta improcedente dentro del procedimiento sumario de la Ley Núm. 2, el cual no contempla la presentación de mociones dispositivas independientes, sino que exige que todas las defensas se levanten de manera conjunta en una única alegación responsiva. (Nota al calce omitida).[11]

---

[6] Véase, SUMAC TA, Entrada Núm. 3.
[7] Véase SUMAC TA Entradas Núm. 4-5.
[8] Véase SUMAC TA Entradas 3, 4 y 5.
[9] Véase, SUMAC TA, Entrada Núm. 6.
[10] Véase SUMAC TA, Entrada Núm. 7.
[11] *Íd.,* pág. 2.

En síntesis, alegaron que el procedimiento se había convertido en uno ordinario y que, como consecuencia, debía aplicar el término de treinta días contemplado en la Regla 52.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2, y la Regla 13 de Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 42, pág. 23, 215 DPR ___ (2025). Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.
### A. *Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración pues "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia" *Pérez Rodriguez v. López Rodriguez et al.* 210 DPR 163, 178, (2022). "[L]a jurisdicción se refiere al poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias". *Friger Salgueiro v. Mech-Tech Coll., LLC*, 2026 TSPR 30, pág. 4, 218 DPR ___ (2026) citando a *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso sin entrar en los méritos de la controversia. *FCPR v. ELA et al., supra,* pág. 530, citando a *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Beltrán Cintrón et al. v. ELA et al., supra,* págs. 101-102. (Comillas y citas omitidas).

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, *supra,* nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. Una apelación o un recurso prematuro, al igual que uno tardío, "sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Consejo Titulares v. MAPFRE*, 215 DPR__ (2024) 2024 TSPR 140, pág. 18 citando a *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366 (2001).

## B. *Ley de Procedimiento Sumario de Reclamaciones Laborales*

La Ley Núm. 2, *supra,* se creó con el propósito de establecer un proceso sumario para los casos de reclamaciones de obreros y empleados contra sus patronos por "cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados para dicho patrono, o por compensación en caso de que dicho obrero o empleado hubiere sido despedido de su empleo sin causa justificada". Sección 1 de la Ley Núm. 2, *supra.* Véanse, también, *Slim v. Royal Blue y otros,* 2025 TSPR 133, 216 DPR ___ (2025); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723 (2016); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 D.P.R. 414 (2013); *Lucero v. San Juan Star,* 159 DPR 494 (2003); *Berríos Heredia v. González,* 151 DPR 327 (2000); *Rodríguez v. Syntex P.R., Inc.,* 148 DPR 604 (1999). La naturaleza de este tipo de reclamación exige celeridad en su tramitación, pues de esta forma se adelanta la política pública de proteger al obrero y desalentar el despido

injustificado. Véase, *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021).

Debido a la celeridad con la que deben encausarse los casos tramitados al amparo de esta Ley, "el legislador acortó los términos y condiciones que ordinariamente regulan y uniforman la litigación civil en nuestra jurisdicción." *Collazo Muñiz v. New Fashion World Corporation h/n/c Aliss y otros*, 2025 TSPR 22 (2025), 215 DPR ___, pág. 6. Cónsono con ello, la propia Ley dictamina que los casos tramitados con arreglo a dicho estatuto "se aplicarán las Reglas de Procedimiento Civil **en todo aquello que no esté en conflicto** con las disposiciones de las mismas o con el carácter sumario del procedimiento establecido por [dicha] [L]ey" (énfasis suplido). 32 LPRA sec. 3120. Véase, además, *Díaz Santiago v. PUCPR et al.*, *supra.*

Cuando se entabla una querella mediante el procedimiento establecido en la Ley Núm. 2, "[c]ualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, **en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia**" (énfasis suplido). 32 LPRA sec. 3127. "[U]nicamente se considerarán solicitudes del querellado para extender el término para contestar la querella si se consigna bajo juramento causa justificada para ello". *León Torres v. Rivera Lebrón,* 204 DPR 20, 31 (2020).

### III.

Previo a entrar en los méritos de la controversia ante nuestra consideración, esta Curia tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso. Efectuado tal ejercicio, notamos que este foro carece de jurisdicción para atender el presente pleito. Por tal razón, no tenemos otra alternativa que desestimarlo.

Conforme obra en el expediente, el Apelante se acogió al procedimiento sumario provisto en la Ley Núm. 2, *supra.*[12] El señor Piña López alega que su pleito se tornó ordinario, por lo que deberían de aplicar los términos correspondientes de las Reglas de Procedimiento Civil. Tras un estudio detenido del expediente, no concurrimos con esta interpretación.

A tenor con lo anterior, resolvemos que, una vez el Apelante se acogió al procedimiento sumario, este disponía de **diez (10) días jurisdiccionales**, computados a partir de la notificación de la sentencia apelada, para acudir a esta Curia. En el caso de marras, la *Sentencia* dictada por el foro primario, de la cual el señor Piña López recurre, se notificó el **23 de febrero de 2026**, por lo que, este tenía hasta el **5 de marzo de 2026** para instar el presente recurso. No obstante, el Apelante presentó la *Apelación* el **24 de marzo de 2026**, es decir, diecinueve (19) días tarde. Por consiguiente, es forzoso concluir que esta Curia carece de jurisdicción para atender el recurso instado por el Apelante toda vez que el mismo es tardío.

## IV.

Por los fundamentos esbozados, **DESESTIMAMOS** el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[12] Véase, SUMAC TPI, Entrada Núm. 1., pág. 8.